

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00643-CV

Norris J. **DE VOLL** (Intervenor),
Appellant

v.

Rebecca **DEMONBREUN** and William Dowds,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-05169
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  December 18, 2013

DISMISSED

Appellant filed a notice of appeal on September 20, 2013 indicating his intent to appeal an order dismissing his plea in intervention in the underlying lawsuit which was signed on August 30, 2013. Having determined that the order appeared to be interlocutory, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. Appellant responded by filing a "Brief on Appellate Jurisdiction and Alternative Motion to Dismiss W/O Prejudice" asserting the order is final, or subject to a permissible interlocutory appeal, and moving in the alternative to dismiss the appeal without prejudice. The appellate record confirms that the

August 30, 2013 order is interlocutory in that it does not dispose of all pending claims and parties in the underlying proceeding, and no severance order appears in the record. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (judgment that does not dispose of all parties and causes of action is not final and appealable). Further, no statute provides for an interlocutory appeal of an order dismissing or striking a petition in intervention, or denying permission to intervene. *Herrera v. Tex. Dept. of Family and Protective Services*, No. 04-06-00890-CV, 2007 WL 2044580, at \*1 (Tex. App.—San Antonio July 18, 2007, no pet.) (mem. op.); *see also Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 499 (Tex. App.—San Antonio 1991, writ denied) (noting it is settled law that an order dismissing or striking a petition in intervention may not be appealed by the intervenor before the rendition of a final judgment). Therefore, we must dismiss the instant appeal. *Lehmann*, 39 S.W.3d at 200. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM